UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
VICTOR MARTINEZ,                              :
                                              :
                       Petitioner,       :        08 Civ. 0172 (HB)
                                              :
                -against-           :
                                              :        **OPINION & ORDER**
UNITED STATES OF AMERICA,                     :
                                              :
                       Respondent.       :
------------------------------------------------------------------x
**Hon. HAROLD BAER, JR., District Judge**[*]**:**

    *Pro se* petitioner Victor Martinez ("Petitioner") filed a request for counsel along with three motions presently before this Court. First, Petitioner moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Second, Petitioner seeks a "*Brady* hearing" regarding evidence that the government allegedly failed to disclose prior to Petitioner's plea hearing. Third, Petitioner moves to postpone briefing on his § 2255 motion, pending the outcome of Petitioner's request for counsel. For the reasons set forth below, Petitioner's motions and request for counsel are denied.

## I. BACKGROUND

    On June 10, 2004, Petitioner pled guilty to a conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. Federal Bureau of Investigation ("FBI") agents had seized nearly 200 kilograms of cocaine from Petitioner's alleged co-conspirators. At Petitioner's arrest, the FBI found in his possession a coded list of the conspiracy members which included Petitioner's name. Prior to the plea hearing, the government provided Petitioner with a letter, pursuant to *United States v. Pimentel*, 932 F.2d 1029 (2nd Cir. 1991), setting forth the government's application of the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") to Petitioner's case. Presentence Investigation Report ("PSR") ¶ 4. The *Pimentel* letter suggested a sentencing range of 168 to 210 months based on the Petitioner's base offense level of 38 and Criminal History Category of I.

    On February 7, 2005, the Court conducted a hearing pursuant to *United States v. Fatico,* 579 F.2d 707 (2d Cir. 1978), to address sentencing issues raised by Petitioner. At the hearing,

---

[*] Andrew Liao, a Summer 2008 intern in my Chambers and a second-year law student at the University of Chicago Law School, provided substantial assistance in the research and drafting of this opinion.

Petitioner's counsel conceded that "our version of the facts and the version of the facts that the government believes are the same." Resp't's Mem. in Opp'n ("Resp't's Opp'n") Ex. G at 55. Petitioner's "only problem" was whether he qualified for a mitigating role adjustment pursuant to U.S.S.G. 3B1.2. *Id.* Counsel for Petitioner argued that Petitioner's role in the conspiracy was limited to collecting debts from the sale of marijuana, not cocaine. The government opposed such a role reduction for Petitioner, and maintained that Petitioner's involvement in the conspiracy was substantial: Petitioner had made multiple trips on behalf of the organization to collect drug debts, he had been included in the coded list of members of the conspiracy, and he had held at least one conversation with the purported head of the conspiracy about the seized cocaine.

This Court ultimately rejected Petitioner's request for a mitigating role adjustment for the aforementioned reasons, and sentenced Petitioner to 135 months' incarceration followed by five years of supervised release. Judgment, No. 04 Cr. 29 (Feb. 14, 2005). On March 10, 2005, Petitioner filed a timely notice of appeal. Appeal No. 05-1575-Cr. (2d. Cir.). On appeal, Petitioner's counsel argued that the factual allocution to support Petitioner's guilty plea was insufficient and that the 135-month sentence was unreasonable. On May 16, 2006, the Second Circuit issued a summary order rejecting all of Petitioner's claims and affirming this Court's Judgment. Petitioner was denied a rehearing on July 20, 2006.

On January 9, 2008, Petitioner filed a motion to vacate, set aside, or correct his sentence. Attached to the government's memorandum in opposition was a handwritten note from Petitioner's interpreter that Petitioner claims he had never seen before. *See* Resp't's Opp'n Ex. N. Consequently, Petitioner moved for a hearing pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), regarding any other evidence that the government may have failed to disclose. On April 21, 2008, Petitioner filed a request for counsel and moved to postpone any further briefing until a decision was made on his request.

## II. DISCUSSION

A. **Motion to Vacate, Set Aside, or Correct Sentence**

   1. **Petitioner's Motion Is Time-Barred**

Petitioner was required by statute to file his motion to vacate, set aside, or correct his sentence within one year of the date when the judgment in his criminal case became "final." *See*

2

28 U.S.C. § 2255(1).[1] For criminal defendants convicted under federal law, a judgment is not considered final until either the United States Supreme Court has denied the defendant's petition for a writ of *certiorari* or the time for the defendant to file one has come and gone. *See Green v. United States*, 260 F.3d 78, 84 (2d Cir. 2001). Pursuant to Rule 13(1) of the Supreme Court, Petitioner had 90 days from July 20, 2006 (the date the Second Circuit denied Petitioner's motion for a rehearing) to file a *certiorari* petition. *See Clay v. United States*, 537 U.S. 522, 525 (2003). As a result, Petitioner's timeframe to file a § 2255 motion began when his time to file a *certiorari* petition expired, on October 18, 2006, and ended one year later, on October 18, 2007. Since Petitioner did not file his § 2255 motion until January 9, 2008, Petitioner's claims are time-barred. However, even if they were not, Petitioner's claims would fail on their merits.

### 2. No New Evidence Casts Doubt on Petitioner's Guilty Plea

Despite having pled guilty, Petitioner now claims he is innocent. Actual innocence tolls the period of limitations for a § 2255 motion. *Doe v. Menefee*, 391 F.3d 147, 161 (2d Cir. 2004) ("[P]etitioner may use his claim of actual innocence as a 'gateway,' or a means of excusing his procedural default."). However, actual innocence requires "factual innocence, not mere legal insufficiency." *Id.* at 162. To demonstrate actual innocence, a petitioner must show "that it is more likely than not that no reasonable juror would have convicted him in light of *new evidence*." *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) (emphasis added; internal citation omitted). Since Petitioner provides no new evidence that would point to his innocence, his claim can be dismissed on this basis alone.

### 3. A Proper Factual Allocution Supported Petitioner's Guilty Plea

Petitioner contends that it was improper for this Court to accept his guilty plea because he asserted during the sentencing proceedings that he did not know about the cocaine until after the seizure. However, this same argument was litigated during Petitioner's appeal and was rejected by the Second Circuit. Generally, § 2255 motions cannot be used to relitigate questions which have been previously decided on direct appeal. *Cabrera v. United States*, 972 F.2d 23, 25 (2d

---

[1] 28 U.S.C. § 2255 provides that the one-year period of limitation shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Cir. 1992); *United States v. Perez*, 129 F.3d 255, 260 (2d Cir. 1997). Relitigation is permitted only where (1) there has been an intervening change in the law that has been applied retroactively; and (2) such change would have exonerated the defendant had it been in force before the conviction was affirmed on direct appeal. *Chin v. United States*, 622 F.2d 1090, 1092 (2d Cir. 1980). Petitioner argues that the Second Circuit's holding in *United States v. Adams*, 448 F.3d 492 (2d Cir. 2006), created an intervening change in the law, but this is unavailing. First, *Adams* is not new law, as it was decided on May 10, 2006, six days *before* the Second Circuit affirmed Petitioner's conviction. Second, *Adams* is distinguishable because, here, Petitioner admitted that he knew the organization in which he was involved dealt cocaine, whereas the defendant in *Adams* did not. For these reasons, Petitioner is precluded from contesting the factual basis for his plea a second time.

### 4. Counsel Did Not Face a Conflict of Interest

A conflict of interest exists where the interests of the attorney and his client diverge with respect to a material, factual, or legal issue. *Amiel v. United States*, 209 F.3d 195, 199 (2d Cir. 2000). Petitioner alleges that the first of his two former attorneys faced a conflict of interest when he represented Petitioner at the sentencing hearing because he was paid by Melissa Mendoza, Petitioner's co-defendant's wife. However, Petitioner's counsel states that he "never met, spoke to, or had any contact whatsoever" with Melissa Mendoza. Resp't's Opp'n Ex. N at 6. Moreover, Petitioner offers nothing to show how his interests and his attorney's interests actually diverged during representation. On review, a court cannot presume that the possibility for conflict has resulted in ineffective assistance of counsel; the defendant must identify an actual conflict of interest. *United States v. Jones*, 900 F.2d 512, 519 (2nd Cir. 1990). Moreover, even where a trial judge fails to inquire into a potential conflict, this does not mandate automatic reversal of a petitioner's conviction, or relieve petitioner of the burden of showing that a conflict of interest adversely affected his or her representation. *Mickens v. Taylor*, 535 U.S. 162, 168 (2002). Since Petitioner's allegations about who retained his attorney are unsupported, and do not necessarily evidence a conflict even if true, in short, Petitioner has failed to carry his burden.

### 5. Petitioner Received Effective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim a petitioner must show that counsel was so deficient or made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment; and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The burden falls

on the defendant to show that the counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88.

Here, Petitioner was represented by two different attorneys, one at the sentencing proceedings and the other at the appellate proceedings. First, Petitioner argues that his counsel at sentencing misled him into pleading guilty by telling him that his sentence would likely be somewhere around 24 months, not the 135 months that Petitioner received. However, according to Petitioner's former counsel, "I did not mislead Mr. Martinez as to the seriousness of his case, no [sic] did I predict or speculate as to what sentence he would receive." Resp't's Opp'n Ex. N at 3. Also, "predictive-type errors" by counsel generally do not justify vacating a guilty plea. *See United States v. Arteca*, 411 F.3d 315, 321 (2d Cir. 2005). Even if Petitioner's counsel grossly underestimated what his client's sentence would be, Petitioner was told by this Court at his allocution that his sentence could be between 168 and 210 months. Resp't's Opp'n Ex. D at 26-27. After acknowledging this sentencing range, Petitioner indicated he still wanted to plead guilty because he was, in fact, guilty. Resp't's Opp'n Ex. D at 30. As such, Petitioner cannot credibly claim that his defense was prejudiced by any misconception as to what his sentence would be.

Second, Petitioner contends that both attorneys should have argued for a downward departure based on his alien status. Petitioner reasons that he is entitled to a downward departure because he cannot participate in certain sentence-reducing programs available only to United States citizens. However, Petitioner is not entitled to a downward departure solely on account of his alien status. *See United States v. Adubofour*, 999 F.2d 639, 640 (2d Cir. 1993) (denying departure from imprisonment range prescribed by the Sentencing Guidelines despite petitioner's deportable alien status). Further, in spite of Petitioner's arguments, "a defendant cannot prevail on a claim of ineffective assistance merely because he believes that his counsel's strategy was inadequate." *United States v. Sanchez*, 790 F.2d 245, 253 (2d. Cir. 1986). Instead, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *Strickland*, 466 U.S. at 695. Here, the decision to argue for a sentence reduction on grounds other than Petitioner's alien status was not so serious an error as to warrant vacating the judgment against Petitioner.

Both Petitioner's attorneys argued for a downward departure, albeit on other grounds. Petitioner's first counsel argued successfully that Petitioner met the requirements of the safety valve provision of the Sentencing Guidelines, resulting in a reduction of Petitioner's sentencing range from 168-210 months to 135-168 months. Petitioner's second attorney submitted 36 pages of briefs on appeal articulating various reasons why a 135-month sentence was unreasonable, but the Second Circuit affirmed the sentence. As such, Petitioner provides no credible reasons for why either counsel provided ineffective assistance.

B.  **Motion for a Brady Hearing**

A *Brady* violation occurs when the government fails to disclose exculpatory evidence favorable to the accused, thereby impinging a defendant's due process rights. *See Brady*, 373 U.S. at 87. Prevailing on a *Brady* claim does not require that disclosure would have resulted in the defendant's acquittal, but the evidence must put the case as a whole in such a different light so as to undermine confidence in the verdict. *Youngblood v. West Virginia*, 547 U.S. 867, 869-70 (2006). Here, the evidence in question is a handwritten note from the defendant's interpreter, stating that on June 3, 2004, the defendant admitted that he failed to name to prosecutors two persons potentially involved in the drug transactions. Resp't's Opp'n Ex. N at 8.

Petitioner argues that this interpreter's note should have been disclosed earlier, and that this Court should entertain a hearing to determine whether there is other exculpatory evidence that the government has failed to produce. However, such a hearing would only be appropriate at this stage if there were a reasonable probability that, had the evidence in question been disclosed to the defense, the result of the criminal proceedings would have been different. *Youngblood*, 547 U.S. at 869. Instead of undermining the judgment against Petitioner, this interpreter's note bolsters the judgment by calling into question Petitioner's credibility. Moreover, *Brady* claims are disfavored where a defendant has pleaded guilty because courts "should respect the particular importance of the finality of guilty pleas, which usually rest on a defendant's profession of guilt in open court, and are indispensable in the modern criminal justice system's operation." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). As such, Petitioner's motion is denied.

C.  **Request for Counsel**

Petitioner requests counsel pursuant to 18 U.S.C. § 3006A, which provides that any person seeking relief under 28 U.S.C. § 2255 shall be furnished with representation if such person is financially unable to obtain counsel and the interests of justice so require. *Heath v.*

*United States Parole Comm'n*, 788 F.2d 85, 88 (2d Cir. 1986). However, when determining the interests of justice, the court "should first determine whether the indigent's position was likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986); *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). In this case, Petitioner's claims do not satisfy the threshold merit requirement. Petitioner's request for counsel is therefore denied.

### D. Motion to Postpone Briefing

Petitioner seeks to postpone further briefing pending the Court's decision on whether to grant counsel or hold a *Brady* hearing. As both of Petitioner's requests are denied, postponement is unnecessary and inappropriate. Motion to postpone denied.

### III. CONCLUSION

For the foregoing reasons, Petitioner's motions are hereby DENIED. The Clerk of the Court is instructed to close these matters and remove them from my docket.

**IT IS SO ORDERED.**

**New York, New York**
**August \_\_\_\_, 2008**

U.S.D.J.

7